# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| **DAVID HAYES, as Administrator of the Estate of ISAIAH HAYES; L.H., a Minor, by and through her parent and next friend, SAMANTHA CORDER; and DEBORAH LOU HAYES,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**RYAN PHILLIPS, in his Individual Capacity and in his Official Capacity as Deputy Sheriff, and POLK COUNTY, IOWA,**<br><br>    **Defendants.** | Case No.<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

**COME NOW** Plaintiffs, David Hayes, as Administrator of the Estate of Isaiah Hayes, Samantha Corder, as parent and Next Friend of minor, L.H., and Deborah Lou Hayes, as the mother of Isaiah Hayes, to allege, as follows:

## INTRODUCTION

1.   This is an action brought to redress the deprivation – under color of policy, regulation, official decision, custom, or usage – of rights secured to Plaintiff by 42 U.S.C. § 1983 arising under the Second and Fourth Amendments, incorporated to the states through the Fourteenth Amendment to the United States Constitution, and the Constitution of the State of Iowa, Article I, Sections 1, 2, 8 and 9; and includes Iowa common law negligence, loss of consortium and public records disclosure claims.

## JURISDICTION

2. Jurisdiction is conferred to this Court through 28 U.S.C. §§ 1331 and 1343 and venue is appropriate in this district under 28 U.S.C. § 1391(b).

3. All the unlawful acts alleged herein occurred in Polk County, Iowa, on or about July 17, 2018.

## PARTIES

4. At all times material hereto, David Hayes (hereinafter referred to as "Hayes") was a resident of the State of Michigan. Hayes is the brother of Isaiah Hayes and the Personal Representative of the Estate of Isaiah Hayes, deceased (hereinafter referred to as "Isaiah") who was a citizen and resident of Ashland County, Wisconsin. Defendants killed Isaiah in Polk County, Iowa, on July 17, 2018.

5. At all times material hereto, Samantha Corder (hereinafter referred to as "Corder") was a resident of the State of Wisconsin. Corder is the Next Friend for her minor child, L.H., who is the natural born daughter of Isaiah.

6. At all times material hereto, Deborah Lou Hayes (hereinafter referred to as "Isaiah's mother") was a resident of the State of Wisconsin. She is the mother of Isaiah.

7. Defendant Polk County is an Iowa municipality that includes a sheriff's department and other administrative agencies (hereinafter referred to as "Polk County.") Polk County employs Defendant Ryan Phillips as a Deputy Sheriff, whom it failed to properly train and/or supervise.

8. Defendant Ryan Phillips (hereinafter referred to as "Phillips") was at all times material hereto an employee of Polk County, violated Isaiah's constitutional rights, and ultimately caused the wrongful death of Isaiah using excessive force.

## FACTUAL BACKGROUND

9. Isaiah was born on September 14, 1992, and was 25 years old at the time Defendant Phillips killed him on or about July 17, 2018.

10. Pleading the specific facts surrounding Isaiah's death is significantly hampered by Defendant Polk County's repeated and absolute refusal to comply with Iowa law, including the statutory requirement that it release information regarding the date, time, specific location, and immediate facts and circumstances surrounding Isaiah's death. Isaiah's family, the Iowa Freedom of Information Council and undersigned counsel have all made repeated requests to Polk County to release all investigative reports and electronic communications generated or filed within 96 hours of the death of Isaiah.

11. Iowa law exempts from disclosure certain police investigative reports and privileged records. The law, however, commands that "**the date, time, specific location, and immediate facts and circumstances surrounding a crime or incident shall not be kept confidential**…" Iowa Code § 22.7(5) (emphasis added).

12. Iowa Code section 22.7 was recently interpreted by the Iowa Supreme Court in the factually similar case of *Mitchell v. City of Cedar Rapids*, 926 N.W.2d 222 (Iowa 2019). In *Mitchell* the Iowa Supreme Court held that the "district court acted within its discretion under [*Hawk Eye v. Jackson*, 521 N.W.2d 750 (Iowa 1994)], consistent with the second sentence of Iowa Code section 22.7(5), by limiting the order compelling disclosure to 'investigative reports or electronic communications generated or filed within 96 hours of the incident.'" *Id. at 234-35*.

13. Despite the clear statutory provision and recent caselaw requiring disclosure of all material information generated within the first 96 hours after Isaiah's death, Polk County has refused to release that information. Instead, Polk County has chosen to select and release to the

public only information it believes exonerates the Defendants from wrongdoing and attempt to cover up any wrongdoing by refusing to release any inculpatory evidence.

14. Polk County has released one incident report, not prepared by Defendant Phillips, and the narrative of that report does not cover the key facts and circumstances regarding Defendant Phillips' decision to use deadly force. The reporting deputy was not at the scene at the time shots were fired, stating, "[a]s I was arriving on scene I heard Officer Shutts advise of shots being fired."

15. The only report released by Polk County states that Defendant Phillips told the reporting deputy that "the suspect had a gun in his hand, pointing a short distance away to a … BB gun."

16. Polk County also released audio, but not video, of the incident. Polk County edited the audio to end right after the shooting.

17. On the audio released by Polk County, Defendant Phillips can be heard saying, "get on the fucking ground. I'll kill you. Drop the gun. Drop the gun." In under a second after stating those words Defendant Phillips fired three rounds at Isaiah. Two of Phillips' shots hit Isaiah, killing him.

18. The autopsy report prepared by Polk County's Chief Medical Examiner, which was released to Isaiah's family as required by Iowa law, listed the manner of death as "Homicide."

19. The autopsy report listed the "cause of death" as "Multiple gunshot wounds (minutes)."

20. The autopsy report states that Isaiah was shot twice in the middle of his back. One shot entered Isaiah's body 17 inches below the top of his head and 2-1/2 inches to the left of midline. The exit wound for that projectile was 2-1/4 inches to the left of the midline. The direction of fire is identified as "back to front and moderately upward without significant right or

left deviation." These findings prove that Isaiah was running directly away from Defendant Phillips, not turning toward Phillips in any attempt to fire at him, at the time Phillips shot him in the middle of the back.

21. The other shot entered Isaiah's back 29-1/2 inches below the top of the head roughly at the midline. The exit wound for that projectile was 3/4 inch to the right of the midline. The direction of fire of the projectile was "from back to front, slightly downward and slightly from left to right. These findings confirm that Isaiah was not turning toward Defendant Phillips when Phillips shot Isaiah in the middle of the back.

22. At the time Phillips killed Isaiah he had no reason to believe that Isaiah was not permitted to carry a handgun in the State of Iowa under Iowa Code sections 724.4(4)(i) and 724.7, and as guaranteed under the Second Amendment to the U.S. Constitution. See *District of Columbia v. Heller*, 554 U.S. 570 (2008).

23. The Defendants have released no evidence indicating that Phillips claimed that Isaiah fired the BB gun at him or even pointed the BB gun toward Phillips or anyone else.

24. Defendant Phillips never gave Isaiah the opportunity to drop the BB gun that Phillips alleges Isaiah was holding before shooting and killing him.

25. Defendant Phillips did not have sufficient training, experience, and/or expertise in dealing with fleeing suspects who were believed to be armed, but not posing an immediate threat to anyone's life or health by running away with their back turned.

26. Given the autopsy report and Polk County's desire to cover up the wrongdoing of Defendant Phillips, the Defendants are refusing to release body cam, or cruiser video, or other information about the shooting because it would show Defendant Phillips shooting Isaiah straight

in the back while Isaiah did not pose a threat to Defendant Phillips or anyone else and was doing nothing other than trying to run away.

27. Defendant Phillips failed to follow protocol by shooting and killing Isaiah even though Isaiah never fired his BB gun and never pointed his BB gun at Phillips or anyone else.

28. It is legal in the State of Iowa to carry a handgun with a permit and at the time Phillips shot and killed Isaiah, allegedly for carrying a gun, Phillips had no reason to believe that Isaiah did not have the necessary permit to carry a gun in the State of Iowa. Iowa Code §§ 724.4(4)(i) and 724.7.

29. At all times during the confrontation Defendant Phillips was the aggressor. Phillips followed, chased, ran after, and shot at Isaiah, who never once engaged in any act of aggression towards Defendants Phillips, and was only trying to escape.

30. At the time Defendant Phillips shot and killed Isaiah, Phillips had no legitimate reason to believe Isaiah was a threat to inflict bodily harm on Phillips or any other person.

31. At the time Defendant Phillips shot and killed Isaiah, Phillips had no legitimate reason to believe Isaiah would use deadly force against any person unless immediately arrested.

32. At the time Defendant Phillips shot and killed Isaiah, Phillips used more force than a reasonable officer would use in like circumstances.

33. At the time Defendant Phillips shot and killed Isaiah, Phillips had no legitimate reason to believe that such force was necessary to avoid injury or risk to one's safety or the life or safety of another, or that such force was necessary in order to resist a like force or threat.

34. At the time Defendant Phillips shot and killed Isaiah, Phillips had no legitimate reason to defend himself or another from any actual or imminent use of unlawful force by Isaiah.

35. At the time Phillips shot and killed Isaiah, Phillips had no legitimate reason to believe Isaiah posed a threat or menace of serious injury to himself or another that could only be averted by shooting and killing Isaiah.

36. Isaiah's alleged production, display, or brandishing of a gun, much less a BB gun, alone was not sufficient grounds for Phillips to respond by using deadly force because Isaiah took no action that created a reasonable expectation that he may use deadly force to defend himself. In fact, Isaiah' conduct during the incident created a reasonable expectation that all he wanted to do was retreat and avoid a confrontation with Defendant Phillips.

37. Defendant Phillips had other available means to capture Isaiah without using deadly force including waiting for numerous other officers to arrive in a matter of seconds after the shooting.

38. At the time Defendant Phillips shot and killed Isaiah, no reasonable officer with knowledge of the facts Phillips knew, or should have known at the time, would have concluded that using deadly force was reasonable.

39. At the time Defendant Phillips shot and killed Isaiah, no reasonable officer with knowledge of the facts Phillips knew, or should have known at the time, would have concluded Isaiah posed a threat to human life.

40. At the time Defendant Phillips shot and killed Isaiah, no reasonable officer with knowledge of the facts Phillips knew, or should have known at the time, would have concluded Isaiah posed a threat of immediate danger of serious physical injury to another.

41. In 2017 roughly 12% of Iowans held open/concealed carry permits for guns. See https://www.gunstocarry.com/concealed-carry-statistics/. At the time Defendant Phillips shot and

killed Isaiah for allegedly carrying, not shooting or even pointing the gun at anyone, roughly one out of every dozen Iowans were licensed to open/concealed carry a gun.

42. Defendant Phillips did not act as an objectively reasonable officer would have acted under the circumstances given that he used deadly force when not faced with an imminent threat of significant injury or death.

43. Defendant Polk County failed to properly train Phillips and/or failed to properly monitor and oversee Phillips's activities as a law enforcement officer.

44. In this case Polk County participated in an attempt to cover up the wrongful conduct of Defendant Phillips by releasing only a selected portion of the available audio and video of the incident, refusing to release investigative reports of the incident (even those generated or filed within 96 hours of the incident,) refusing to release interview transcripts and other records regarding the shooting and killing of Isaiah, and refusing, in violation of Iowa law, an open records request for such information.

45. Defendant Phillips seized Isaiah by stopping the vehicle Isaiah was driving, chasing Isaiah, firing a service weapon at Isaiah, and killing Isaiah.  No reasonable person in Isaiah's position would have believed they were free to leave without being placed under arrest.

46. All the alleged actions of all of the Defendants were conducted under color of state law.

## COUNT I

### USE OF EXCESSIVE FORCE
### FOURTH AMENDMENT TO THE U.S. CONSTITUTION and
### ARTICLE I, SECTION 8 OF THE IOWA CONSTITUTION –
### AGAINST DEFENDANTS PHILLIPS AND POLK COUNTY

47. Plaintiffs incorporate paragraphs 1 through 46 above as though fully set forth herein.

48. Defendant Phillips's use of excessive force in causing the wrongful death of Isaiah was in violation of both the Constitutions of the United States, Fourth Amendment, and the State of Iowa, Article 1, Section 8. Defendant Phillips fired his weapon at Isaiah in an unreasonable, unnecessary, and/or reckless manner, resulting in Isaiah's death.

49. Defendant Phillips, acting under the color of state law, violated the right of Isaiah to be free from the use of excessive force in being placed under arrest, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983, and Article I, Section Eight, of the Iowa Constitution.

50. Defendant Phillips proximately caused damages including emotional pain and trauma, past and future to Plaintiffs by the use of excessive force in effectuating the wrongful death of Isaiah in violation of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section Eight, of the Iowa Constitution.

51. Defendant Polk County established a policy, regulation, official decision, custom, or usage, and/or ratified such conduct after the fact, with reckless or deliberate indifference to the rights of persons in the position of Isaiah and his family.

52. Defendant Polk County did not criminally prosecute Defendant Phillips, nor was Phillips fired from his job as a Deputy Sherriff. Upon information and belief, Defendant Phillips was not even reprimanded for his conduct in using deadly force upon Isaiah without justification to do so. Therefore, Defendant Polk County has after the fact ratified, approved and accepted the conduct of Defendant Phillips in this matter as being in accord with its applicable policy, regulation, official decision, custom, or usage.

53. Defendant Polk County has established, maintained, enforced, and/or ratified policies, regulations, official decisions, customs, or usages which unconstitutionally deprive

citizens of the right to be free from the use of excessive force while being detained as guaranteed by the Fourth Amendment to the United States Constitution, and Article I, Section 8, of the Iowa Constitution.

54. Defendant Polk County through its policymakers and managers had actual or constructive knowledge of the use of excessive force by its employees and/or ratified such conduct after the fact.

55. Isaiah was subjected to this official policy, regulation, official decision, custom, usage, and/or after-the-fact ratification when he was shot and killed by Defendant Phillips.

56. Defendants' policy, regulation, official decision, custom, usage, and/or after-the-fact ratification as against Isaiah was purposeful and intentional.

57. Defendants deprived Plaintiffs of the rights guaranteed them under the Fourth Amendment to the United States Constitution, and Section I, Article 8, of the Iowa Constitution, in violation of 42 U.S.C. § 1983 and the Iowa Supreme Court *Godfrey* case, by seizing Isaiah such that no reasonable person in Isaiah's position would have believed they were free to leave without being taken into custody.

58. Plaintiffs have been damaged as a direct and proximate result of Defendants' acts and omissions, as set out in this Complaint.

59. Defendant Phillips acted in a reckless and/or malicious manner subjecting him to punitive damages.

**WHEREFORE,** the Plaintiffs pray for judgment against the Defendants, Polk County and Ryan Phillips, jointly and severally, in an amount which will fully and fairly compensate them for their injuries and damages; for attorneys' fees; for interest and costs as allowed by law; for punitive

damages against Defendant Phillips; for appropriate equitable relief, and for such other and further relief as may be just in the premises.

## COUNT II

### SUBSTANTIVE DUE PROCESS
### FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION
### and ARTICLE I SECTION 9 OF THE IOWA CONSTITUTION –
### AGAINST DEFENDANTS POLK COUNTY AND PHILLIPS

60. Plaintiffs incorporate paragraphs 1 through 59 above as though fully set forth herein.

61. Defendant Phillips fired his service weapon at Isaiah in an unreasonable, unnecessary, and/or reckless manner, resulting in Isaiah's death.

62. At the time Defendant Phillips fired his service weapon he knew Isaiah was not a threat because Isaiah never fired or even pointed his BB gun at Phillips or anyone else.

63. Defendant Phillips made the decision to discharge his firearm at Isaiah when Isaiah was running away from him with only his back exposed to Phillips.

64. Defendant Phillips made the decision to shoot and kill Isaiah at a time when waiting, or even retreating, if Phillips really believed his life was in danger, were clear and viable options.

65. Defendant Phillips's actions in firing his weapon at Isaiah when Isaiah was running directly away from him and posing no threat was so egregious and outrageous as to shock the conscience.

66. In firing his weapon at Isaiah, Defendant Phillips acted with deliberate indifference to a significant risk of harm to Isaiah.

67. In firing his weapon at Isaiah Defendant Phillips acted with the specific intent to cause harm.

68. Defendant Phillips acted under the color of state law, violated the right of Isaiah to substantive due process as guaranteed by the Fourteenth Amendment to the United States

Constitution, as enforced through 42 U.S.C. § 1983, and Article I, Section 9 of the Iowa Constitution, as enforced through the *Godfrey* decision.

69. Defendant Polk County violated the right of Isaiah to substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983, and Article I, Section 9 of the Iowa Constitution by engaging in a cover up of Defendant Phillips' wrongful conduct.

70. Plaintiffs have been damaged as a direct and proximate result of Defendants' acts and omissions, as set out in this Complaint.

**WHEREFORE,** the Plaintiffs pray for judgment against the Defendants Polk County and Ryan Phillips, jointly and severally, in an amount which will fully and fairly compensate them for their injuries and damages; for attorneys' fees; for interest and costs as allowed by law; for punitive damages against Defendant Phillips; for appropriate equitable relief, and for such other and further relief as may be just in the premises.

## COUNT III

### WRONGFUL DEATH – NEGLIGENCE - IOWA COMMON LAW
### AGAINST DEFENDANTS PHILLIPS AND POLK COUNTY

71. Plaintiffs incorporate paragraphs 1 through 70 above as though fully set forth herein.

72. Defendant Phillips owed Plaintiffs a duty to act reasonably in the use of deadly force; to conform to an objectively reasonable standard of conduct regarding when, where and under what circumstances use of deadly force is warranted; and to not deprive Isaiah of his inalienable rights to enjoy and defend his life, and pursue and obtain safety and happiness in accord with Article I, Section 1, of the Iowa Constitution.

73. Defendant Phillips breached that duty by discharging his service weapon at Isaiah

when Isaiah did not pose an imminent threat to Phillips or anyone else.

74. Defendant Polk County owed Plaintiffs a duty to have in place reasonable policies and procedures regarding the use of deadly force, and/or to properly train and supervise its peace officers, including Defendant Phillips, in an objectively reasonable standard of conduct regarding when, where and under what circumstances use of deadly force is warranted; and/or to not ratify unlawful conduct after the fact, and/or to not cover up the wrongful conduct of its police officers in an attempt to avoid responsibility for that wrongful conduct.

75. Defendant Polk County breached those duties by not having in place reasonable policies and procedures regarding the use of deadly force, and/or by failing to properly train and/or supervise Defendant Phillips regarding the appropriate use of deadly force; and/or by after the fact ratifying the wrongful conduct; and/or by attempting to cover up and mislead the public about Defendant Phillips' wrongful conduct.

76. Defendant Polk County is responsible for the conduct of Phillips under *respondeat superior* and Iowa Code chapter 670.

77. The Defendants' breach of duty owed caused injuries and damages to the Plaintiffs including the wrongful death of Isaiah, the loss of parental consortium for the Isaiah's minor child, L.H., and the loss of consortium for Isaiah's mother, Deborah Lou Hayes.

78. At all times relevant hereto Defendant Phillips acted as an agent of Defendant Polk County and within the scope of his employment and authority as a peace officer.

79. In the alternative, should Defendants claim immunity and/or qualified immunity for acts within the scope of Phillips' authority, then Plaintiffs plead that Phillips acted outside that scope of that authority.

80. Defendant Polk County ratified the conduct of Defendant Phillips after he took the

actions complained of in this complaint.

**WHEREFORE,** the Plaintiffs pray for judgment against the Defendants Polk County and Ryan Phillips, jointly and severally, in an amount which will fully and fairly compensate them for their injuries and damages; for attorneys' fees; for interest and costs as allowed by law; for punitive damages against Defendant Phillips; for appropriate equitable relief; and for such other and further relief as may be just in the premises.

## COUNT IV

### LOSS OF CONSORTIUM
### CORDER as Next friend of L.H. and DEBORAH HAYES
### AGAINST DEFENDANTS PHILLIPS AND POLK COUNTY

81. Plaintiffs incorporate paragraphs 1 through 80 above as though fully set forth herein.

82. Corder is the natural mother of Isaiah's minor daughter, L.H.

83. L.H. is a minor and the natural born child of Isaiah.

84. Corder brings this action as next friend of L.H. pursuant to Iowa Rule of Civil Procedure 1.210 and *Madison v. Colby*, 348 N.W.2d 202, 207 (Iowa 1984).[1]

85. Deborah Lou Hayes is the natural mother of Isaiah.

86. Since Isaiah's death, L.H. and Isaiah's mother have suffered the loss of aid, companionship, cooperation, and affection of Isaiah.

87. As a result of said losses L.H. and Isaiah's mother have been damaged.

88. Defendants are liable to L.H. and Isaiah's mother for their loss of consortium.

---

[1] "Authority to sue under section 613.15 passed to the administrator but, under section 633.336, the recovery was to be apportioned to the spouse and children of the decedent in accordance with their loss."

89. The losses of L.H. and Isaiah's mother are individual to them and separate from the losses sustained by the Estate of Isaiah Hayes as the result of his death caused by the wrongful conduct of the Defendants.

**WHEREFORE**, L.H., through her mother and next friend, Samantha Corder, and Deborah Lou Hayes, pray for judgment against Defendants Phillips and Polk County, jointly and severally, in an amount sufficient to fairly and adequately compensate them for their injuries, losses and damages; for attorneys' fees; for interest and costs as allowed by law; for punitive damages against Defendant Phillips; for appropriate equitable relief; and for such other and further relief as the Court deems appropriate.

## COUNT V

### VIOLATION OF OPEN RECORDS LAWS
### INCLUDING ARTICLE I, SECTION 2 OF THE IOWA CONSTITUTION
### AGAINST DEFENDANT COUNTY OF POLK

90. Plaintiffs incorporate paragraphs 1 through 89 above as though fully set forth herein.

91. Even after the Iowa Supreme Court issued a decision noting that "'[t]here is a presumption in favor of disclosure' and 'a liberal policy in favor of access to public records.' *Hall v. Broadlawns Med. Ctr.*, 811 N.W.2d 478, 485 (Iowa 2012). 'Disclosure is the rule, and one seeking the protection of one of the statute's exemptions bears the burden of demonstrating the exemption's applicability.' *Diercks*, 806 N.W.2d at 652 (quoting *Clymer v. County of Cedar Rapids*, 601 N.W.2d 42, 45 (Iowa 1999))." *Mitchell v. Cedar Rapids*, No. 18-0124, filed April 4, 2019, pp. 10-11, Defendants refused to release records covered by the *Mitchell* holding.

92. Defendants refused to release "any investigative reports or electronic communication generated or filed within 96 hours of the incident, but does not apply to reports or

memorandum generated solely for purposes of a police internal review of the incident," as held by the Iowa Supreme Court in *Mitchell*. At p. 6.

93. Defendants refused to provide a privilege log identifying what records it was refusing to release.

94. Defendant Polk County intentionally delays the freedom of information act process for the purpose of covering up the wrongful conduct of its agents.

95. Burlington, Iowa police officer Jesse Hill shot and killed by Autumn Steele on January 6, 2015, and a public records request for information regarding the shooting death of Autumn Steele was made soon after her death, using Iowa's freedom of information law.

96. The public records request for information regarding the death of Autumn Steele has now been pending for over four years without any records being released. The County Attorney for Des Moines County was fined for refusing to comply with an order to release the records and still no records have been released.

97. In practice, Iowa's alleged freedom of information law would be more accurately titled, the "Right to Keep Government Wrongdoing Secret Law."

98. Rather than release records, as required by Iowa law, Defendant Polk County has chosen to violate Iowa law and refuse to release records regarding the shooting death of Isaiah Hayes by Defendant Phillips.

99. The abrogation of the Iowa freedom of information process by government officials determined to keep the public from finding out about governmental wrongdoing is so complete that the Iowa Public Information Board slot reserved by law for a "journalist" is no longer filled by an actual journalist, but by an individual who routinely votes in violation of Iowa law to keep the public from finding out about governmental wrongdoing.

100. The tactics of Polk County, along with other governmental agencies and political subdivisions, but also including the State of Iowa, are intended to keep government wrongdoing secret and have made it fruitless and impossible to properly enforce Iowa's open records laws.

101. Polk County should be immediately required to release all information regarding the shooting death of Isaiah Hayes in compliance with Iowa Code section 22.7(5) and the holding of the Iowa Supreme Court in *Mitchell v. Cedar Rapids*, No. 18-0124, filed April 4, 2019.

102. Polk County has acted in violation of Article I, Section 2, of the Iowa Constitution, requiring that "[a]ll political power is inherent in the people. Government is instituted for the protection, security, and benefit of the people, and they have the right, at all times, to alter or reform the same, whenever the public good may require it."

103. Keeping governmental wrongdoing secret is antithetical to the purpose of Article I, Section 2, of the Iowa Constitution.

**WHEREFORE,** the Plaintiffs pray for an Order from this Court requiring Polk County to immediately publicly release all records regarding the shooting death of Isaiah Hayes in compliance with Iowa Code section 22.7(5) and *Mitchell v. Cedar Rapids*, 926 N.W.2d 222 (2019); for attorneys' fees; for interest and costs as allowed by law; for appropriate equitable relief; and for such other and further relief as may be just in the premises.

## JURY DEMAND

The Plaintiffs, David Hayes, as Administrator of the Estate of Isaiah Hayes, Samantha Corder, as next of Friend for L.H., and Deborah Lou Hayes, as the mother of Isaiah Hayes, respectfully request a trial by jury on all legal claims raised by this Complaint.

Respectfully submitted,

**DAVE O'BRIEN LAW**
1500 Center Street NE
Cedar Rapids, Iowa 52402
Telephone: (319) 861-3001
Facsimile: (319) 861-3007
E-mail: dave@daveobrienlaw.com

By: /s/ David A. O'Brien
DAVID A. O'BRIEN, AT0005870


**TIMMER & JUDKINS, P.L.L.C.**
1415 28th Street, Suite 375
West Des Moines, IA 50266
Telephone: (515) 259-7462
Fax: (515) 361-5390
E-mail: nate@timmerjudkins.com

By: */s/ Nathan Borland*
Nathan Borland AT0011802

**ATTORNEYS FOR PLAINTIFFS**

**Original Filed.**